UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 1:06–cr-00273 (CKK) |
| | : | |
| **DUANE PHILLIP JONES,** | : | Trial Date: 1/22/07 |
| also known as Chicken Jones | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO
OFFER RULE 404 (b) EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the Eastern District of Virginia, respectfully submits this Motion to Introduce Rule 404 (b) Evidence. As grounds for the motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a motions hearing:

1. On June 29, 2006, a warrant was obtained in the Superior Court for the District of Columbia charging the defendant with Murder One while Armed. Subsequently, Metropolitan Police Department officers and U.S. Marshals worked to locate the defendant, eventually using a SWAT team and helicopters to effect his arrest on August 10, 2006 in the Clay Terrace area of Washington, an area known for open air drug markets. A U.S. Marshal will testify that he arrested the defendant under these circumstances, pursuant to the warrant and searched him incident to arrest and found a loaded firearm in his waistband. MPD officers will testify about the arrest and their search of the defendant, which yielded over twenty grams of crack cocaine.

2. The government seeks to introduce evidence of the outstanding warrant and circumstances of the arrest to explain the actions of the U.S. Marshal and avoid confusion on the part of the jury as to why the deputy U.S. Marshal, and subsequently MPD officers, searched the defendant and located the loaded firearm and crack cocaine on him.

3. At the outset, the government submits that evidence of the outstanding warrant, approved by a neutral and detached magistrate, is not appropriately considered under Federal Rule of Evidence 404(b) because it is "inextricably intertwined with the charged crime such that a witness' testimony would [be] confusing and incomplete without the mention [of the justification for the search of the defendant]." *United States v. Record*, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989) (internal quotation marks omitted). In this way, the proposed evidence, to explain why law enforcement approached, arrested, and searched the defendant, is *intrinsic* to the crime charged. Rule 404(b) applies only to those uncharged acts that are *extrinisic* to the offense charged. *United States v. Washington*, 12 F.3d 1128, 1135 (D.C.Cir. 1994) (citation omitted). However, the United States thought it appropriate to bring this proposed evidence to the attention of the Court at this time to resolve any issue with its admissibility.

4. Even if the Court undertook a Rule 404(b) analysis, the evidence would still be admissible because it is not offered merely to prove the defendant's conformity with a particular character trait, which is the sole reason for exclusion provided by the Rule. *United States v. Long*, 328 F.3d 655, 660-61 (D.C.Cir. 1993). Indeed, Rule 404(b) is one "of inclusion, rather than exclusion." *Id.* See also *United States v. Bowie*, 232 F.3d 923, 929 (D.C.Cir. 2000). The list of reasons contained within Rule 404(b) for which evidence of other acts may introduced is not exhaustive and "does not define the set of permissible purposes use of such evidence." *United States v. Miller*, 895 F.2d 1431, 1436 (D.C.Cir. 1990) (noting that list of purposes is merely "illustrative").

In this case, a juror may question why law enforcement witnesses stopped the defendant, ordered him to the ground, and searched his person. Such a concern could cause the juror to inappropriately judge the actions of the government's witnesses and potentially discredit a witness'

testimony. The proffered evidence legitimately answers any questions about the witnesses' conduct and is therefore relevant to a determination a juror could make.

      **A. The Value of the Proffered Rule 404 (b) Evidence is Not Substantially Outweighed by Any Danger of Unfair Prejudice.**

5. Rule 404 (b) evidence, if offered for a permissible purpose, is admissible unless the evidence is "inadmissible under Rule 403." *United States v. Clark*, 24 F.3d 257, 264 (D.C.Cir. 1994). The evidence would be excluded only if its probative value is "*substantially* outweighed by the danger of *unfair* prejudice." *United States v. Day*, 591 F.2d 861, 878 (D.C.Cir. 1978) (quotation omitted; emphasis in original). Even when Rule 404 (b) evidence carried greater emotional force than the evidence of the charged conduct itself, it was held to be very far from a "danger of unfair prejudice" that "substantially outweigh[s]" the probative value of the Rule 404 (b) evidence. *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C.Cir. 1998). In *Gartmon*, the defendant was charged with financial crimes, specifically, money laundering and interstate transport of fraudulently-obtained securities. The court admitted evidence that, when a female confederate tried to withdraw from the scheme, the defendant placed a gun in her vagina and told her she would listen to and do everything he told her; the court also admitted audio recordings of the defendant's profane and abusive conversations with that same confederate. *Id.* In affirming the trial court's rulings, the Court of Appeals wrote:

> . . . Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone. . . It does not bar powerful, or even "prejudicial" evidence. Instead, the Rule focuses on the "danger of <u>unfair</u> prejudice," and gives the court discretion to exclude evidence only if that danger "<u>substantially</u> outweigh[s]" the evidence's probative value.

> . . .
>
> . . . Although there may have been some risk that a recitation of the facts of the incident would evoke emotions in the courtroom, that risk was comparatively small, and it alone did not render the testimony "unfair" or "substantially outweigh[ ]" its probative value. . . . "[T]he balance [under Rule 403] should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged."

*Id*. (citations omitted) (emphasis in original).

## Conclusion

WHEREFORE, the government respectfully submits that the proffered evidence should be ruled admissible in the government's case-in-chief.

>Respectfully submitted,
>
>CHUCK ROSENBERG
>United States Attorney
>
>
>By:       /S/
>    Ronald L. Walutes, Jr.
>    Assistant United States Attorney
>    D.C. Bar No. 415541
>    2100 Jamieson Avenue
>    Alexandria, VA 22314
>    (703) 299-3910
>
>    Erik R. Barnett
>    Assistant United States Attorney
>    2100 Jamieson Avenue
>    Alexandria, VA 22314
>    (703) 299-3826

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by mail, on counsel for the defendant, Shawn Moore, Esq., Assistant Federal Public Defender, 625 Indiana Avenue, N.W., #550, Washington, D.C., 20004, this 28th day of November 2006.

_____/S/_____
Erik R. Barnett
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Criminal No.: 1:06CR00273 (CKK)** |
| : | |
| **DUANE JONES,** : | **Trial Date: 1/22/07** |
| **also known as Chicken Jones** : | |
| : | |
| **Defendant.** : | |

## ORDER

Based upon the government's Motion to Offer Rule 404(b) Evidence, it is this

_____ day of _____, 200\_\_, hereby

**ORDERED** that, the government's proposed evidence is admissible.

_____
Colleen Kollar-Kotelly
United States District Court Judge
  for the District of Columbia

Case 1:06-cr-00273-CKK    Document 5    Filed 11/28/2006    Page 7 of 8

copies:
    Erik R. Barnett
    Ronald L. Walutes, Jr.
    Assistant U.S. Attorneys
    2100 Jamieson Avenue
    Alexandria, VA 22314

    Shawn Moore, Esq.
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W., #550
    Washington, D.C. 20004