UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 1:06-cr-00273 (CKK) |
| | : | |
| **DUANE JONES,** | : | Trial Date: 1/22/07 |
| **also known as Chicken Jones** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S NOTICE OF INTENTION TO IMPEACH DEFENDANT
WITH HIS PRIOR CONVICTIONS PURSUANT TO FED. R. EVID. 609**

The United States, by and through its attorney, the United States Attorney for the Eastern District of Virginia, respectfully notifies defendant and the Court of its intent to impeach the defendant, should he choose to testify, with his prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. Defendant is currently charged with possessing a firearm during a drug trafficking offense, possession of a firearm by a felon, and possession of cocaine with the intent to distribute it. Previously, on September 9, 2000, defendant was convicted of Unlawful Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and was sentenced by the U.S. District Court for the District of Columbia in case number 99324988/cr99-000393. He was sentenced to forty-two months imprisonment to be served consecutive to any other sentence.

On May 18, 2000, defendant was convicted of Possession with Intent to Distribute Cocaine, in violation of D.C. Code § 48-904.01, and was sentenced by the Superior Court of the

District of Columbia on in case number 971515982/1997-FEL-004484. He was sentenced to twenty months to five years' imprisonment to be served consecutive to any other sentence. Should defendant choose to testify, we seek to use this conviction, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

### II.  Fed. R. Evid. 609(a)(1).

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Among others, defendant has been convicted of unlawful distribution of cocaine, which was punishable by more than one years' imprisonment. This Court should permit the use of that conviction to impeach the defendant because its probative value outweighs any prejudicial effect. *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C.Cir. 1983) (*en banc*).

3. In *Lipscomb*, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." *Id.* The charges in this case arise from the execution of an arrest warrant. Accordingly, should he choose to testify, defendant's credibility will be a central issue. The probative value of the conviction, therefore, is quite high. *Id.* With respect to the prejudice prong of the analysis, the Court of Appeals recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". *Id.* Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not

>   knowledgeable in drug transactions and his testimony on that
>   point directly contradicts that of his accuser.

*United States v. Lewis*, 626 F.2d 940, 951 (D.C.Cir. 1980).  In *Lewis*, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." *Id.* at 950.

**III.  Fed. R. Evid. 609(b).**

4.  Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes:  "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ."   Here, the convictions were within the past ten years and the convictions may therefore properly be used for impeachment.    WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

        Respectfully submitted,

        CHUCK ROSENBERG
        UNITED STATES ATTORNEY


        _____/S/_____
        Erik R. Barnett
        Assistant United States Attorney
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3826

Ronald L. Walutes, Jr.
Terrorism/National Security Section
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3910

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by mail, on counsel for the defendant, Shawn Moore, Esq., Assistant Federal Public Defender, 625 Indiana Avenue, N.W., #550, Washington, D.C., 20004, this <u>28th</u> day of November 2006.

                                                                            /S/
                                            Erik R. Barnett
                                            Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No.: 1:06CR00273 (CKK)** |
| | : | |
| **DUANE JONES,** | : | Trial Date: 1/22/07 |
| **also known as Chicken Jones** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

Based upon the government's Notice of Intent to Impeach Defendant, it is this

_____ day of _____, 200__, hereby

**ORDERED** that, should the defendant chose to testify, the government may impeach him with his convictions in the U.S. District Court for the District of Columbia in case number 99324988/cr99-000393 and in the Superior Court of the District of Columbia in case number 971515982/1997-FEL-004484.

_____
Colleen Kollar-Kotelly
United States District Court Judge
  for the District of Columbia

copies:
    Erik R. Barnett
    Ronald L. Walutes, Jr.
    Assistant U.S. Attorneys
    2100 Jamieson Avenue
    Alexandria, VA 22314

    Shawn Moore, Esq.
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W., #550
    Washington, D.C. 20004