IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| V. | ) Cr. No. 06-0273 (CKK) |
| | ) |
| | ) |
| **DUANE JONES** | ) |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO OFFER RULE 404(b) EVIDENCE**

Defendant Duane Jones, through counsel, respectfully opposes the government's motion to offer evidence pursuant to Fed. R. Evid. 404(b).

I.     BACKGROUND

Defendant Jones is charged per indictment with possession with intent to distribute 5 grams or more of crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. The alleged offenses in this case took place on August 10, 2006.

Law enforcement authorities sought Mr. Jones pursuant to an arrest warrant issued in the Superior Court for the District of Columbia on the charge of first degree murder while armed. While executing the warrant the authorities allegedly also found Mr. Jones committing the instant offenses.

The government now seeks to introduce "evidence of the outstanding warrant and circumstances of the arrest to explain the actions of the U.S. Marshal and avoid confusion on the part of the jury as to why the deputy U.S. Marshal, and subsequently MPD officers, searched the defendant and located the loaded firearm and crack cocaine on him." (Govt. Motion at 1). Presumably, this language means that the government seeks to present evidence of the outstanding

murder warrant and/or of the alleged murder to explain the warrant.

    II.    <u>ARGUMENT</u>

At the outset Mr. Jones and counsel stress that evidence surrounding the murder warrant is irrelevant and wholly, unduly and unnecessarily prejudicial to Mr. Jones. It is difficult to conceive of any evidence more unfairly prejudicial than murder evidence in an unrelated drug case. Evidence surrounding the murder warrant is also not probative of the charges in the instant case.

    A.    Intrinsic/Extrinsic

The government initially contends that, despite the title of its motion, evidence of the warrant is really not 404(b) evidence, but rather is "intrinsic" to the crime charged. Assuming, *arguendo*, the validity of this argument, the contention still does not make evidence of the warrant relevant or probative. That is, simple testimony that Mr. Jones was arrested pursuant to an unrelated warrant solves any "confusion" that the jury might have as to why Mr. Jones was arrested and searched.[1] The government cites *United States v. Record*, 873 F.2d 1363 (10th Cir. 1989), and *United States v. Washington*, 12 F.3d 1128 (D.C. Cir. 1994) in support of their intrinsic argument. But these cases merely state the law, are not on all fours with this case, and are factually dissimilar to this case.

Indeed, whether intrinsic or not, the government is seeking admission of evidence of the murder warrant for the sole reason of presenting unnecessary, irrelevant, and unduly prejudicial matters to the jury.

---

[1] With all due respect we suspect that jurors are fully capable of understanding that a warrant results in an arrest and search without evidence of the charge surrounding the warrant or any facts relating thereto. Indeed, the defense is not contesting the right of officers to search Mr. Jones after his arrest.

B.     Extrinsic/404(b)

The sole rationale offered by the government for admission of evidence surrounding the warrant under their 404(b) theory is that "a juror may question why law enforcement witnesses stopped the defendant, ordered him to the ground, and searched his person." (Govt. Motion at 2). However, as we have noted above, a simple statement that there was an outstanding warrant for Mr. Jones suffices to explain the reason for the arrest and search of him.  There is no need nor rationale for advising the jury that the warrant was for murder or of the circumstances of the murder.

Relevant evidence is defined in Rule 401, Fed. R. Evid. as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Simply put, evidence of the warrant for the murder, or any allusion to the facts thereof does not tend to prove any fact in issue in the instant matter.

Moreover, Rule 403, Fed. R. Evid. Provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

If there is any jury confusion of concern, we submit that it would be caused by introduction of testimony involving an unrelated homicide case.  The introduction of any evidence of the murder is simply a means to present bad character evidence before the jury, evidence substantially outweighed by the danger of unfair prejudice.

Accordingly, for the foregoing reasons, and any others that may appear to the Court, Mr.

Jones and counsel ask that the instant motion be denied.

                                      Respectfully submitted,

                                      A.J. Kramer

                                      Federal Public Defender

By:            _____/s/_____
                Shawn Moore
                Assistant Federal Public Defender
                Attorney for Duane Jones
                DC Bar #214171
                625 Indiana Avenue, NW #550
                Washington, DC 20004
                202/208-7500
                Fax/208-7515 or 501-3829