IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| V. | ) Cr. No. 06-0273 (CKK) |
| | ) |
| | ) |
| DUANE JONES | ) |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENT**

Defendant Duane Jones, through counsel, respectfully moves the Court to suppress, as evidence against him, for all purposes, a statement allegedly made to law enforcement authorities at the time of his seizure by law enforcement authorities on August 10, 2006. Because the statement was made involuntarily, and because there was no waiver of his *Miranda*[1] rights, use of the statement in the government's case must be barred.[2]

I.   BACKGROUND

Defendant Jones is charged per indictment with possession with intent to distribute 5 grams or more of crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. The alleged offenses in this case took place on August 10, 2006. Mr. Jones was sought on a Superior Court warrant in an unrelated matter. According to law enforcement authorities Mr. Jones was located in the Clay Terrace area and fled. He was caught in an apartment building allegedly in possession of a firearm and drugs. After apprehension, in which force was used, the government alleges that he stated, *inter alia*, "I have a burner in my

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Notice of this statement was provided as discovery. However the discovery does not indicate precisely where or when the statement was made.

waistband." This alleged statement was made involuntarily and when Mr. Jones was in custody.

II. THE STATEMENT WAS TAKEN IN
VIOLATION OF MR. JONES' RIGHTS

It is hornbook law that confessions or admissions must be voluntary if they are to be used by the government. *Brown v. Mississippi*, 279 U.S. 278 (1936). Moreover a waiver of any of the *Miranda* rights must also be knowing and voluntary. Thus,

> It is axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession.

*Jackson v. Denno*, 378 U.S. 368, 376 (1974). Also, the burden is on the government to demonstrate that a statement was voluntarily made by the defendant. *Lego v. Twomey*, 404 U.S. 477 (1972). To make a showing of voluntariness, "[I]t must be shown that in fact the confession had a free will and intellect whether or not the detective had any reason to doubt its presence or suspect its absence." *Pea v. United States*, 130 U.S. App. D.C. 66, 71, 397 F.2d 627, 632 (D.C. Cir. 1968).

Here the statement was involuntarily obtained and must be suppressed.

III. THE STATEMENTS WERE TAKEN IN
VIOLATION OF MR. JONES' *MIRANDA* RIGHTS

*Miranda v. Arizona*, 384 U.S. 436 (1966), prohibits the use, in the government's case in chief, of statements taken from suspects in the absence of notice and waiver of certain rights. The rule is designed to prevent government violations of the Fifth Amendment right against self-crimination and of the Sixth Amendment right to counsel. The rule is a constitutional one. *Dickerson v. United States*, 530 U.S. 428, 147 L.Ed.2d 405, 120 S.Ct. 428 (2000).

Here, there was no knowing, voluntary, waiver of *Miranda* rights. The rights were not read

to Mr. Jones prior to this statement.

For the foregoing reasons and others that may appear to the Court, Mr. Jones respectfully asks that the statement be suppressed.

Respectfully submitted,

A. J. Kramer

Federal Public Defender

By: _____/s/_____
Shawn Moore
Assistant Federal Public Defender
Attorney for Duane Jones
Bar #214171
625 Indiana Avenue, NW, #550
Washington, DC 20004
202/208-7500
Fax/208-7525 or 501-3829