**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 06-0273 (CKK) |
| V. | ) |
| | ) |
| **DUANE JONES** | ) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION REGARDING RULE 609 ADMISSIBILITY**

Defendant Jones is charged per indictment with possession with intent to distribute 5 grams or more of crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. The alleged offenses in this case took place on August 10, 2006. Mr. Jones was sought on a Superior Court warrant in an unrelated matter. According to law enforcement authorities Mr. Jones was located in the Clay Terrace area and fled. He was caught in an apartment building allegedly in possession of a firearm and drugs.

The government has moved for permission to impeach Mr. Jones, should he testify, with the following convictions: 1) a 2000 conviction in the United States District Court for the District of Columbia for possession of a firearm and ammunition by a convicted felon, and; 2) a May, 2000 conviction in the Superior Court for the District of Columbia for possession of cocaine with intent to distribute. Defendant opposes this motion.

<u>ANALYSIS</u>

Fed. R. Evid. 609(b) reads in pertinent part as follows:

(a) **General Rule.** For the purpose of attacking the credibility of a witness,

**(1)** . . . evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;

(b) **Time limit.** Evidence of a conviction under this rule is not admissible if a period of more

than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Here, Mr. Jones is charged with drug and weapons offenses. To allow the prior convictions for drugs and weapons charges to be brought to the attention of the jury is unreasonably prejudicial, as it suggests propensity as much as a lack of credibility. Secondly, the prejudice is greatly enhanced should the Court allow the introduction of any other crimes evidence.

Respectfully submitted,

A.J. Kramer

Federal Public Defender

By: _____/s/_____
Shawn Moore
Assistant Federal Public Defender
Attorney for Duane Jones
DC Bar #214171
625 Indiana Avenue, NW #550
Washington, DC 20004
202/208-7500
Fax/208-7515 or 501-3829