UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:06cr273 (CKK) |
| | ) | |
| v. | ) | Trial Date: January 22, 2007 |
| | ) | |
| DUANE JONES | ) | |
| also known as Chicken Jones | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government and Defendant agree on the following proposed Jury Instructions.  Unless otherwise indicated, they are taken from the Redbook.

2.01    Function of the Court

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.04    Evidence in the Case

2.05    Statements of Counsel

2.06    Indictment or Information Not Evidence

2.07    Inadmissible and Stricken Evidence

1.07    Question not Evidence

2.08    Burden of Proof – Presumption of Innocence

2.09    Reasonable Doubt

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

2.14    Nature of Charges Not to be Considered

2.26    Police Officer's Testimony

2.27    Failure of Defendant to Testify

4.29    Possession of Controlled Substance with Intent to Distribute (Alternative C)

4.79    Felon in Possession (modified to eliminate name of felony); defendant will also stipulate as

to interstate nexus.

**Proposed**

Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense

The essential elements of this offense, each of which the government must prove beyond a

reasonable doubt, are:

1.    That the defendant carried, used, or possessed a firearm; and

2.    That he carried or used or possessed the firearm during and in

relation to the drug trafficking offense of possession with intent

to distribute crack cocaine as charged in count one of the indictment.

The term "firearm" includes any weapon which will or is designed to or can be

readily converted to expel a projectile by the action of an explosive.

A person carries a firearm when it is on his person or if it was conveniently accessible

to the defendant and within his reach.  Mere presence near a firearm or mere

knowledge of its location in not enough to show that the defendant carried it.  The

defendant must have the power and intent to exercise direct control over the firearm.

A firearm actually need not be brandished in order to be used or carried in

connection with a drug trafficking offense.  Although the mere presence of a gun

near the commission of an offense may not be sufficient to show that the gun was

carried in relation to that offense when a gun is present in order to protect

contraband, it may be deemed to be used in relation to the underlying offense.

2

3.08    Possession

2.71    Election of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberation

2.74    Possible Punishment Not Relevant

2.75    Communications Between Court and Jury

        During Jury's Deliberations


In addition, the Government proposes five additional instructions, that may become necessary as the trial proceeds.   It is not yet known whether the defendant agrees with these proposed instructions.

1.08 Expert Testimony

1.13 Impeachment by Prior Conviction of Crime of Defendant (if Defendant testifies)

1.20 Questions by Jurors

2.28 Defendant as Witness

3.02 Proof of State of Mind

Respectfully submitted,

CHUCK ROSENBERG
United States Attorney


By:     /S/_____
        Erik R. Barnett
        Ronald L. Walutes
        Special Assistant U.S. Attorneys