Possessing a Firearm in Furtherance of a Drug Trafficking Offense

To sustain its burden of proof in this count of the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

1. That Mr. Jones committed the crime of possession with intent to distribute a controlled substance as charged in Count 1 of the Indictment, and

2. In furtherance of that crime, Mr. Jones knowingly possessed a firearm.

The parties have stipulated that Government Exhibit #1 is a firearm as that term is defined by federal law.  You may consider this fact as proven.

The term "drug trafficking crime" includes an offense that is a felony and involves the possession with intent to distribute, distribution, manufacture, or importation of any controlled substances.

The offense alleged in Count 1 of the Indictment, namely, conspiracy to distribute cocaine base, commonly known as crack cocaine, is a drug trafficking crime.

A firearm is said to be possessed "in furtherance of" a drug trafficking offense when the firearm was possessed to advance, assist, or promote the commission of the drug trafficking offense.  Mere presence of a firearm is not sufficient.  However, in order to be possessed in furtherance of a drug trafficking offense, a firearm need not be actually brandished or displayed.

In considering whether or not a firearm was possessed "in furtherance of" a drug trafficking offense, you may consider the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon and ammunition, whether defendant's possession is legitimate or illegal, whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun was found.

[Authority: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 39.11; 39.18; 39.19(5th ed. 2000); United States v. Lomax, 293 F.3d 701, 704-06(4th Cir. 2002); United States v. Ceballos-Torres, 218 F.3d 409, 412-15 (5th Cir. 2000); Cassell v. United States, 398 F.Supp.2d 193, 208 (D.D.C. 2005) (citing Ceballos-Torres)].