UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No.   06cr273 |
| v. : | |
| : | |
| DUANE PHILIP JONES, : | Judge Colleen Kollar-Kotelly |
| Defendant. : | |
| : | |

GOVERNMENT'S MEMORANDA IN AID OF SENTENCING

The United States hereby submits its position on the sentencing of defendant Duane Philip Jones in accordance with U.S.S.G. § 6A1.2 and the order of this Court. Pursuant to the federal Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully submits that the defendant should be sentenced at the high end of the guidelines.

I.    APPLICABLE LEGAL STANDARDS

Although the Supreme Court rendered the federal Sentencing Guidelines advisory in *United States v. Booker*, 125 S. Ct. 738 (2005), "a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'" *United States v. Clark*, 438 F.3d 684, 2006 WL60273, *1 (4th Cir. 2006) (quoting *Booker*, 125 S. Ct. at 766). The Fourth Circuit has held that, "[c]onsistent with . . . *Booker*, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the Sentencing Guidelines. Then the court shall consider that range *as well as* relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing sentence." *Clark*, 2006 WL60273, *1 (emphasis in original) (quoting *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005)); *accord United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006).

Ultimately, the sentence imposed must meet a standard of reasonableness, *see Booker*,

125 S. Ct. at 765, and as the Fourth Circuit has recently stated, "reasonableness is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing Guidelines and by the provisions of § 3553(a)." *Green* at 456. Although the court of appeals has cautioned that "[a] sentence falling outside of the properly calculated Guidelines range is not *ipso facto* unreasonable," it has stressed that "a sentence imposed 'within the properly calculated Guidelines range . . . is *presumptively reasonable*.'"[1] *Id.* (quoting *United States v. Newsom*, 428 F.3d 685, 687 (7th Cir. 2005)) (emphasis added).

## II. DEFENDANT'S CRIMINAL CONDUCT

This defendant stands convicted of Possession With Intent to Distribute 5 Grams or More of Cocaine Base in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii); Carrying and Possessing a Firearm During a Drug Trafficking Offense in violation of Title 18, United States Code, Section 924(c)(1)(A)(I) and Unlawful Possession of a Firearm and Ammunition by a Felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The defendant has been previously convicted of both Possession With the Intent to Distribute Cocaine and on a separate date, Felon in Possession of a Firearm.

The defendant's history of supervised release before this Court paints a stunning pattern of criminal conduct. This defendant's conditions of supervised release were first modified on September 14, 2005, to include mental health counseling with a licensed clinical psycho-

---

[1] The Fourth Circuit has stated that "[i]f the court imposes a sentence outside the guideline range, it should explain its reasons for doing so." *Hughes*, 401 F.3d at 546; *accord Green*, 436 F.3d at 456. If a court decides not to apply "the properly calculated Guideline range," its decision "must be based on the factors listed in § 3553(a)." *Green* at 456.

therapist.[2] The defendant was instructed to attend 12 weekly sessions and did attend two sessions before ceasing to appear to two further scheduled sessions and thereafter being terminated. On March 6, 2006, the defendant was referred to Next Step for outpatient substance abuse counseling and directed to attend outpatient group counseling twice a week for twelve weeks. The defendant then appeared before Magistrate Judge Kay on May 19, 2006, for a hearing on violation, specifically for five positive drug tests for phencyclidine (PCP) on October 5, December 14, 2005, February 15, March 1, and March 31, 2006. He admitted the violations and asked for an outpatient drug treatment program. This Court granted that request and ratified the modification of the defendant's conditions of supervised release on June 16, 2006.

On June 27, 2006, this defendant shot and killed Darnell Carter in Sursum Corda. The defendant committed this first degree premeditated murder – with a firearm – in broad daylight, on a hot day outside his grandmother's apartment. After knocking the victim to the ground with a volley of shots in his own neighborhood, the defendant advanced and stood over the decedent and fired two further rounds into Mr. Carter's head, killing him.[3] Law enforcement rapidly identified numerous witnesses, including two Assistant United States Attorneys for the District of Columbia, and an arrest warrant was signed by a Superior Court Judge on June 29, 2006 for

---

[2]The Memorandum dated May 3, 2006 to this Court from Kathleen C. Dunn, United States Probation Officer notes an additional arrest for possession of marijuana reported to her by the defendant that was subsequently dismissed in Superior Court for the District of Columbia on September 26, 2005. This arrest does not appear in the presentence report.

[3]One round was found lodged in the decedent's cheek when his body was removed from the scene, still covered by flesh. This demonstrates, as physical evidence rarely can, that the decedent's face was prone to the concrete when the defendant fired the final round into his skull. The first round to the decedent's head was fired into the back of his skull as he knelt, wounded, on the ground.

Jones' arrest for First Degree Premeditated Murder While Armed. It is noteworthy that the defendant could not be located by the United States Marshals for almost two months despite being on supervised release. The defendant was held pursuant to 1325 of the District of Columbia Code after a Superior Court Judge made a finding of clear and convincing evidence to support the charge against this defendant. A Grand Jury has subsequently indicted Jones for the charge.

The details of the defendant's arrest are well known to this Court. On August 10, 2006, dozens of United States Marshals descended on Clay Terrace to arrest the defendant. For weeks they had visited his relatives in an effort to locate him. The defendant is before this Court having been found guilty of possessing crack cocaine with the intent to sell it in the neighborhood where his only child lives with the defendant's mother. Federal judges frequently inquire of defendants convicted of narcotics offenses whether they would want someone to sell drugs to their own kids. This defendant, in fact, possessed both a loaded 45 caliber firearm and crack cocaine with the intent to sell it in the very neighborhood where his child was being raised.

Jones, while on supervised probation for a previous conviction for Unlawful Possession of a Firearm by a Felon, killed a young man with two rounds fired into the young man's head after he fell wounded to the ground. Jones committed this premeditated murder in front of his own grandmother's home. This defendant is before this Court convicted of possessing crack cocaine with the intent to sell it and possessing a loaded firearm in furtherance of that crime in the neighborhood where his only son was being raised.

This defendant has received numerous opportunities to address his behavior and all have

failed. Ironically, Superior Court Judge Wendell P. Gardner ordered this defendant's first criminal probation revoked ten years ago on September 25, 1997. The defendant's murder trial is now scheduled for September 17, 2007, before Judge Gardner.

### III.     THE APPLICABLE GUIDELINE RANGE.

The government has reviewed the presentence report and believes it has accurately calculated the guideline range to be 120 to 137 months as to Counts One and Three and a consecutive 60 months for Count Two. The government requests that this Court impose a sentence of 137 months as to Counts One and Three with a consecutive 60 months for Count Two for a total sentence of 197 months.

### IV.     REVOCATION OF THE DEFENDANT'S SUPERVISED RELEASE

#### A.     Legal Analysis

Upon finding that a defendant violated a term of supervised release, a court may: (1) revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served; (2) extend the term of supervised release; or (3) modify, reduce, or enlarge the conditions of supervised release. 18 U.S.C. § 3583(e). When a court revokes supervised release and imposes a term of imprisonment, another period of supervised release may be imposed after incarceration. 18 U.S.C. § 3583(h).

The statutory parameters detailed above are augmented by the United States Sentencing Guidelines, which provide non-binding "policy statements" regarding the applicable range of imprisonment upon revocation. See U.S.S.G. § 7A1; United States v. Booker, 125 S. Ct. 738 (2005); United States v. Davis, 53 F.3d 638, 640 (4th Cir. 1995) (affirming that "Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts

in supervised release revocation proceedings").

### B. Standards

Supervised release revocation hearings are not formal trials and rules of evidence need not be strictly observed. See United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968) (arising in probation context); see also Morrisey v. Brewer, 408 U.S. 471, 480 (1972); United States v. Woodrup, 86 F.3d 359, 362 (4th Cir. 1996). To revoke a term of supervised release, a court need find only by a preponderance of the evidence that the defendant violated the terms of his or her release. See 18 U.S.C. § 3583(e)(3); see also United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

### C. Guideline Range

Pursuant to Fed. R. Crim. P. 32.1(b), the defendant having been convicted after trial, this Court should revoke the defendant's supervised release in CR-99-303. He has been convicted of two firearms offenses and this is accordingly a Grade A violation pursuant to U.S.S.G. §7B1.1(a), (b). The underlying offense is a Class C felony. 18 U.S.C. § 3559(a)(3). Accordingly, the sentencing range is 24 to 30 months pursuant to U.S.S.G. §7B1.4(a). Because the statutory maximum term of imprisonment that can be imposed upon revocation is two years, 18 U.S.C. § 3583(e)(3), the resulting sentence is 24 months.

### D.     Recommendation

The United States requests that this Court impose the maximum two-year sentence to demonstrate to the defendant that his failure to comply with the terms of his supervised release results in serious consequences and to deter him from future criminal conduct, and most importantly to protect the community from this defendant. Factors this Court should consider

when imposing a sentence, include, but are not limited to: (1) the nature of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to deter future criminal acts, to protect the public, provide just punishment, and to reflect the seriousness of the crime. The United States respectfully requests that this Court revoke supervised release, impose the maximum two-year term of imprisonment which is at the low end of the Sentencing Guidelines because of the statutory cap, and add an additional term of supervised release.

The government asks this Court to impose such a period of incarceration consecutive to the 197 month sentence we seek as the sentence for the conviction before this Court as discussed above. This defendant has violated every effort at assisting him rejoin the community: (1) failing to fulfill his counseling obligation; (2) five positive drug tests for PCP; (3) failure to attend outpatient drug treatment as ordered by this Court; (4) carrying different firearms for both a first degree murder for which a Superior Court Judge has found clear and convincing evidence and a grand jury has found probable cause; (5) fleeing apprehension for almost two months and severing any reporting to his probation officer; (6) possessing with the intent to sell crack cocaine while armed with a loaded firearm at the time of his arrest.

It is now time to protect the community. While this sentencing cannot turn off the light in this defendant's tunnel – that will occur after his conviction for First Degree Murder and the resulting life imprisonment – this revocation and sentencing can dim that light greatly and protect this community and reflect the seriousness of this criminal conduct while on supervised release status.

## V. CONCLUSION

For the reasons set forth above, the government submits that the applicable Sentencing Guidelines are properly calculated, that a guideline sentence is reasonable under *Booker* and that

the Court therefore should sentence the defendant within the guideline range. The government further requests that the Court impose the maximum sentence to protect the community from this defendant, to deter similar conduct and reflect the seriousness of the defendant's behavior.

        Respectfully submitted,

        Chuck Rosenberg
        United States Attorney

By:     _____/s/_____
        Ronald L. Walutes, Jr.
        Assistant United States Attorney
        D.C. Bar # 415541
        Virginia Bar # 26312
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3910

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion was served on this 17th day of May 2007, using the ECF system, which will send a notification of such filing to counsel for the defendant, Nathan I. Silver, Esquire, P.O. Box 5757, Bethesda, Maryland 20824 and to Michael Penders, United States Probation Officer, on this 10th day of May, 2007.

/s/
Ronald L. Walutes, Jr.
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3910