UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America_____ ) | Crim. No. 99-393 (CKK) |
| ) | Crim. No. 06-273 (CKK) |
| versus ) | |
| ) | |
| Duane Jones, ) | |
| _____Defendant_____) | |

MEMORANDUM IN AID OF SENTENCING

Defendant, through undersigned counsel appointed by this Court under the Criminal Justice Act, hereby provides this Memorandum in Aid of Sentencing in accordance with U.S.S.G. §6A1.2 and the Order of this Court.

1. Defendant was convicted after a jury trial of one controlled substances offense (Possession with intent to Distribute 5 grams or more of Cocaine Base, in violation of 21 U.S.C. §841(a) and (b)(1)(B)(iii));  and two weapons offenses: (a) Carrying and Possessing a Firearm during a Drug Trafficking Offense, in violation of 18 U.S.C. §924(c)(1)(A)(i) and (b) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term exceeding One Year, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).

2. Defendant has reviewed with his counsel the Presentence Investigation Report ("PSR") and reports material/factual inaccuracies therein.  Defendant provided a list of three non-material inaccuracies to U.S. Probation Officer Michael Penders.  Defendant acknowledges that the PSR appears to make a correct calculation of the offense levels and ranges for punishment under the U.S. Sentencing Guidelines.

3. The U.S. Court of Appeals for the District of Columbia established last year in *United States v. Dorcely*, 454 F.3d 366 (D.C Cir. 2006) that "a sentence within a properly calculated Guideline range is entitled to a rebuttable presumption of reasonableness." Id., at 376. *See also United States v. Pickett,* No. 05-3179 (D.C. Cir. 2/13/07). In imposing a sentence, a trial court, *Pickett* recognizes, "'may consider all relevant conduct in which the defendant was engaged, and not just with regard to the conduct underlying the offense of conviction.' *Witte v. United States,* 515 U.S. 389, 393 (1995) (citing U.S.S.G. §1B1.3)." *United States v. Dorcely,* slip. op. at 14.[1]

4. The government reviews "Defendant's Criminal Conduct" in Section II of its "Government's Memoranda in Aid of Sentencing" ("memo"). In that section, among other things, it states "[o]n June 27, 2006, the defendant shot and killed Darnell Carter in Sursum Corda."[2] (Memo, p. 3) The government notes elsewhere that "[t]he defendant was held pursuant to (Title 23 §) 1325 of the District of Columbia Code after a Superior Court Judge made a finding of clear and convincing evidence to support the charge against this defendant. A Grand Jury has subsequently indicted Jones for the charge." (Memo, p. 4) Defendant requests that the Court disregard for sentencing purposes the assertion that defendant committed the Carter homicide.

5. Under 18 U.S.C. §3553(a), sentencing courts must consider seven enumerated factors in sentencing. The second is "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

---

[1] Counsel relies herein on the online text of the slip opinion, which is not paginated to the Federal reporter system.

[2] Defendant has been indicted in D.C. Superior Court for that homicide, a case pending before Wendell Gardner, Assoc. Judge. Thomas Dybdahl, Esq., of the Public Defender Service of the District of Columbia, represents defendant.

punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (and) (C) to protect the public from further crimes of the defendant…." It is hard to see how, before the matter has been resolved by a trial, this Court may properly consider the Carter homicide as part of a sentencing factor herein. In effect, it appears that the government is asking the Court to punish defendant for the murder of Darnell Carter as much as for the commission of the offenses for which he was convicted at trial. In defendant's view, it is an inflammatory position for the government to take.[3]

4. ¶34 at page 7 of the PSR reports on the Carter homicide in the section "Pending Charges". It derived its information from the criminal complaint filed in the case. It noted that a witness's "attention was first drawn to the incident when it heard gunshots. It looked in the direction of the sound and saw two subjects with guns who appeared to be shooting at each other." Defendant quotes this part of the complaint because it demonstrates, in defendant's view, the need for caution and restraint in these circumstances. If pending charges were proper for the sentencing court to recognize as a sentencing *factor*, the sentencing guidelines themselves would incorporate them somehow as a factor. And the guidelines do not.[4] Consideration of the pending homicide charge in determining defendant's sentence is *a fortiori* unreasonable.

5. Defendant faces considerable prison time for the offense conduct. In addition, he faces consecutive time for the drug trafficking firearms offense. In that light,

---

[3] There are instances in which courts and administrative tribunals may use unresolved offenses as evidence in other proceedings. For example, parole boards and courts in probation cases may revoke a defendant from supervision when it has been demonstrated to the proper tribunal and by an appropriate standard short of proof beyond a reasonable doubt, the defendant committed a new offense.

[4] Under USSG §4A1.3 ("Departures based on Inadequacy of Criminal History Category") permit a sentencing court to consider, among other things, whether a defendant was pending trial or sentencing on another charge at the time of the *instant* offense, and consider prior *similar* adult criminal conduct not resulting in a conviction. (§4A1.3(a)(2)(D) and (E) (italics added) Neither one of those factors applies here.

defendant requests that the Court sentence him, under Counts I and III, which are grouped, to the statutory minimum of 120 months, which is ten months above the guideline range minimum of 110 months, but seventeen months fewer than the 137 months at the high end. The result will still be a substantial sentence and will avoid the appearance that consideration of the pending homicide charge affected the Court's determination.

Respectfully submitted,

NATHAN I. SILVER/#944314
Attorney for Duane Jones

P.O. Box 5757
Bethesda, MD 20824-5757
(301) 229-0189 (fax and voice calls)
email: NISquire@aol.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via electronic transmission upon the following this 18th day of May 2007: Eric Barnett, Esq., and Ronald Walutes, Esq., U.S. Attorney's Office for the Eastern District of Virginia, U.S. Courthouse, 2100 Jamieson Ave., Alexandria, VA 22314.

_____
*Nathan I. Silver*